512 P.2d 862

Annie JACKSON, Individually as the surviving spouse of Larry Jackson, Deceased, and on behalf of herself and her unborn child, John or Jane Doe Jackson; Jennie Pittman, Administratrix of the Estate of Ferenc Ovary, Deceased; and Henry Chee, Appellants,

v.

SERGENT, HAUSKINS & BECKWITH ENGINEERS, INC., dba Flagstaff Testing Laboratories, an Arizona corporation; L. Don Miller and William Cartmell, dba Cartmell-Miller Associates; Dale Bedenkop; and Cle Edgar, Appellees.

No. I CA–CIV 1862.

Court of Appeals of Arizona,
Division 1, Department B.

July 31, 1973.

Rehearing Denied Sept. 7, 1973.

Review Denied Oct. 9, 1973.

Charles M. Brewer, Ltd., by Leonard W. Copple, Phoenix, for appellants.

Snell & Wilmer, by Bruce Norton, Phoenix, for appellees Sergent, Hauskins & Beckwith Engineers, Inc. and Bedenkop.

Jennings, Strouss & Salmon, by Nicholas Udall and M. Byron Lewis, Phoenix, for appellees Miller, Cartmell and Edgar.

HAIRE, Judge.

The appellants, plaintiffs in the trial court, sought to recover damages for wrongful death and personal injury sustained as the result of a trench cave-in which occurred during the construction of an administration building on the campus of Northern Arizona University in Flagstaff, Arizona. Plaintiffs' decedents in the wrongful death actions, and the surviving injured plaintiff, were employed by the general contractor as laborers on the construction project and were engaged in the course and scope of their employment at the time of the accident. Among those sued were the general contractor, the general contractor's superintendent, the architects employed by the owner for the project, and the engineers engaged for soil testing for the project.

The trial court granted motions for summary judgment filed by the architects and the engineers, and the propriety of the granting of these judgments is the subject of this appeal.

We have reviewed the voluminous record in this matter, paying particular attention to those parts of the record urged by counsel on this appeal. In our opinion, it would serve no useful purpose to set forth in detail herein the facts as established by the depositions, affidavits and pleadings in this record. Based upon our review, we agree with the trial judge's finding that there were no genuine issues of material fact and that these defendants were entitled to judgment as a matter of law. To hold otherwise would be contrary to decisions of the Court of Appeals in Reber v. Chandler High School District No. 202, 13 Ariz.App. 133, 474 P.2d 852 (1970) and Parks v. Atkinson, 19 Ariz.App. 111, 505 P.2d 279 (1973), which are directly in point, as well as a long line of other well-reasoned analogous Arizona decisions. See E. L. Jones Construction Co. v. No-

land, 105 Ariz. 446, 466 P.2d 740 (1970); German v. Mountain States Telephone & Telegraph Co., 11 Ariz.App. 91, 462 P.2d 108 (1969); Chesin Construction Co. v. Epstein, 8 Ariz.App. 312, 446 P.2d 11 (1968); Fluor Corp. v. Sykes, 3 Ariz.App. 211, 413 P.2d 270 (1966); and Welker v. Kennecott Copper Co., 1 Ariz.App. 395, 403 P.2d 330 (1965).

The judgments are affirmed.

EUBANK, P. J., and STEVENS, J., concur.